Robert Doscher, J.
In this action for specific performance, defendant moves to dismiss the complaint pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice and for an order vacating, setting aside and discharging the lis pendens filed in connection with the action.
In his complaint, plaintiff pleads an agreement in writing for the sale by defendant to plaintiff of certain real property located in the town of Harrison. It is further alleged that this agreement, made September 18, 1957, was ‘ ‘ duly executed by plaintiff ”. The complaint is devoid of any allegation that the contract was subscribed by the defendant, the party, sought to be charged, or his lawful agent thereunto authorized in writing.
A contract for the sale of real property not subscribed by the party to be charged, or his lawful agent, is void (Real Property Law, § 259). To make out a contract in writing, duly subscribed, plaintiff relies upon a letter from defendant’s attorney, dated September 11,1957, a check drawn by plaintiff’s to defendant’s order and a contract signed by plaintiff. The first two items can be disposed of rapidly. There is neither proof nor inference that any authority was given in writing to defendant’s attorney to act as defendant’s agent in subscribing the contract. The plaintiff’s check was returned to him (not once, but twice) without the defendant having touched it or availed himself of any funds therefrom.
The plaintiff is left with only the proposed contract to rely upon. At the end of this instrument there were two lines (obviously for signatures) under the first of which was typewritten the seller’s (defendant’s) name and under the second was typewritten the purchaser’s (plaintiff’s) name. It is upon this typewritten name that plaintiff must place great reliance.
Under some circumstances it may be possible for a person to subscribe a contract (without signing it) by a typewritten name (Scarane v. Fraser Mtge. Corp., 279 App. Div. 602). For such typewriting to constitute a subscription there must be both the authority to subscribe and the intent to have the typewriting act as such. In the case at bar, neither the authority, nor the intent, nor even a semblance of reliance thereon is present. There is no question that defendant’s attorney was authorized to prepare and submit a contract. This is a far cry from being authorized to subscribe a contract. When defendant’s attorney forwarded the instrument, he was careful to refer to it as a “ proposed contract of sale ” (emphasis supplied). He further *1018 stated that if the proposed contract was found, to be in order, it should be signed by the purchaser, returned to the attorney with a check, and he would “ then have (the seller) execute one copy of the contract and return it ” to the purchaser’s attorney. That the purchaser fully understood that the instrument was never subscribed by the defendant seller is best proven by the letter of the purchaser’s attorney, dated September 18, 1957, returning the contract after it had been signed by the purchaser. In that letter the purchaser’s attorney stated “ please have (the seller) sign one copy of the contract and return it to me as soon as possible ”. The fact that this letter was written after the purchaser’s attorney was advised that the seller’s attorney considered any negotiation between the parties to this action terminated only adds fuel to the already large fire consuming this cause of action.
This court finds that the contract, set forth in the complaint (if it did exist), is void and unenforcible by reason of the Statute of Frauds.
Motion of defendant is granted in all respects. Submit order on one day’s notice served at the office of plaintiff’s attorney.