■ TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Respondent, v. CYNTHIA K. ROGERS, Appellant, and JOAN W. GROSOF, Individually and as Executrix of ELLIOTT H. GROSOF, Deceased, Respondent.— Order unanimously affirmed, with costs. Memorandum: This interpleader action was commenced by plaintiff insurer asking that it be permitted to pay into court the proceeds of an insurance policy on the life of decedent Elliott Grosof and be discharged from liability to either of the other parties to the action, appellant Cynthia Rogers and respondent Joan W. Grosof, individually and as executrix of the decedent's estate. Appellant Cynthia Rogers is decedent's former wife. She is named as beneficiary on the policy in language which directs payment of the proceeds to " Cynthia Grosof, if she survives the insured, wife." Appellant contends that the insurance policy created a contractual right in her to demand and receive payment of the proceeds from the insurer (*Salvin* v. *Salvin*, 165 App. Div. 362). Respondent is the widow of the insured and executrix of his estate. She seeks the proceeds because she claims that appellant waived all her rights to decedent's property and estate under the terms of a general settlement embodied in a separation agreement executed by the parties on March 27, 1969. By the terms of that agreement, specified life insurance policies were made payable to appellant or the children of the marriage. This policy was not so identified and the claimant contends that it was not intended to be payable to appellant. The widow contends that the failure to change the

beneficiary was due to mistake or inadvertence on the part of the insured and she asks reformation of the insurance policy to name her as beneficiary consistent with her claim that the intent of the parties was finally to resolve all property matters between appellant and decedent in the separation agreement. The court granted the insurer's motion and directed the property be paid into court. That order is not appealed. It denied a motion of appellant for summary judgment and the order entered on that decision is before us on this appeal. It is clear that Cynthia Rogers vis-a-vis the insurer is entitled to the proceeds of the policy (*Salvin* v. *Salvin, supra*). It is also clear that a policy of insurance may not be reformed on the basis of a unilateral mistake or inadvertence on the part of the insured (cf. *Metzger* v. *Aetna Ins. Co.*, 227 N. Y. 411, 417). This is obviously so after the insured has died and when the mistake goes not to the meeting of the minds necessary to make the contract but only to an inadvertent failure on the part of the insured to change the name of the beneficiary after his divorce (17 Couch, Insurance 2d, § 66:58). Nevertheless, the estate may have a valid claim to the proceeds which can be established against appellant if the parties to the separation agreement intended that appellant waive her rights to the proceeds of the policy (see *O'Brien* v. *Elder*, 250 F. 2d 275, 278). That determination necessarily involves mixed questions of law and fact which preclude summary judgment (*Rochester Park* v. *City of Rochester*, 19 A D 2d 776, and cf. *Jensen* v. *Metropolitan Life Ins. Co.*, 27 A D 2d 934, app. dsmd. 20 N Y 2d 739). The estate is really asserting a cross claim on the separation contract (CPLR 3019). It has a claim because of appellant's refusal to release her claim to the insurance as agreed. We see no reason to fractionalize the dispute when both parties and the disputed res are before the court. On remand, the cause should be repleaded to frame the issue between the two claimants (6 Carmody-Wait 2d, New York Practice, § 40:39). (Appeal from order of Erie Special Term denying motion for summary judgment in action on insurance policy.) Present— Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.