■ In the Matter of the Estate of ARTHUR F. DUFFY, Deceased. WILLIAM E. DUFFY, Appellant; JUDITH DUFFY et al., Respondents.—Decree, Surrogate's Court, New York County, entered on February 7, 1975, affirmed, without costs and without disbursements, on the opinion of Di Falco, S. Concur—Birns, Lane and Nunez, JJ.; Kupferman, J. P., and Silverman, J., dissent in the following memorandum by Silverman, J.: Silverman, J. (dissenting): I think there is a triable issue of fact as to whether the change of beneficiaries in the Phoenix Mutual Life Insurance Company policy constituted a "settlement" within the meaning of EPTL 5-3.2 (subd [a]) so as to preclude the afterborn infants' right to elect to take an intestate share notwithstanding the will. Judge Fuld in the leading case on the subject quoted with approval the rule that "the matter of intent is the all-important issue, that 'any act of the testator indicating an intention to make future provision' for the child 'would fulfill the requirement' for a settlement." *(Matter of Faber,* 305 NY 200, 204.) In this case it appears that the testator took some steps (whose nature is not clear) that resulted in the executing and sending to him of a change of beneficiary indorsement signed for the insurance company by its president and its registrar, providing for the children as contingent beneficiaries. It is true that the policy required written notice by the insured of a request to change the beneficiary and this record does not contain such a notice. It is further true that the indorsement had a place on it for the insured's signature and he did not sign it. But nothing in the indorsement said that it was not effective unless or until the insured signed it; nor apparently was the insured required to return the signed indorsement to the insurance company. It is not unknown for a party to a contract who has received from the other side a copy signed by the other side not to bother to sign the copy the recipient retains for himself. The issue is not whether, in a suit to which the insurance company is a party, the insurance company could claim that the indorsement was ineffective. The question is whether the testator intended the indorsement to be a settlement for the children. (Indeed it is by no means clear to me that if there were a suit against the insurance company, the insurance company having duly signed the indorsement would be able to claim that the indorsement was invalid because it had not received a written request for it. It is at least arguable that the requirement of written notice is one that the insurance company could and did waive.) Questions of intent normally present triable issues of fact not appropriate for disposition on summary judgment. (See, e.g., *Teachers Ins. & Annuity Assoc. of Amer. v Rogers,* 41 AD2d 1020; *Reliance Ins. Cos. v Daly,* 38 AD2d 715, 716.) Further we are concerned here with a transaction between a dead man and an insurance company. We do not know exactly what is in the insurance company's file

that led to the indorsement. It is clear that it was the testator who initiated it. At a minimum I think this is a case where "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212, subd [f]). The circumstances call for a trial to determine whether there was that intentional settlement that the statute requires. The order appealed from should be modified to deny summary judgment insofar as the rights of the children are concerned.