■ DEMETRIOS G. PAPAKOSTAS, Appellant, v WILLIAM HAR-KINS et al., Respondents.—In an action, *inter alia,* for specific performance of an alleged contract for the sale of certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 7, 1988, which granted the defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the parties are directed to appear at this court on January 30, 1991, at 12:00 P.M., to be heard upon the imposition of appropriate sanctions or costs, if any, against the attorney for the appellant, pursuant to 22 NYCRR 130-1.1.

There is no basis in the law or fact for the plaintiff's challenge to the Supreme Court's determination that his complaint was barred by the Statute of Frauds *(see,* General Obligations Law § 5-703 [2]). The plaintiff claims that there was sufficient written proof of the parties' alleged oral agreement for the sale of certain real property owned by the defendants based upon a cover letter from the defendants' attorney, dated January 6, 1988, and the revised written contract of sale annexed thereto, which were mailed to the plaintiff's attorney. However, the plaintiff totally ignores the fact that the revised contract of sale had not been signed or even seen by the defendants. The defendants' attorney expressly noted in the cover letter that the defendants "may have additional comments and changes". The cover letter "was written and signed for a specified limited purpose and we may not infer from the signing and delivery thereof that the defendants intended thereby to establish a contractual relationship or to authenticate the terms of an agreement as set forth in the enclosed unsigned [document]. The signatures

which would authenticate the existence of the [contract] within the meaning of the [S]tatute [of Frauds] were to be made later after the [defendants] read and approved the terms set forth in the proposed [document]" *(Scheck v Francis,* 33 AD2d 91, 95, *affd* 26 NY2d 466, 471-472; *see also, Bennett v First Natl. Bank,* 146 AD2d 882; *Tebbutt v Niagara Mohawk Power Corp.,* 124 AD2d 266). At best, the January 6, 1988, letter "was merely a proposal to contract [and] the writing and the signing of the letter by the attorney was but a step looking toward the making of [a contract] which [was] to be formed when the parties executed the written [document] which [was] enclosed. * * * Inasmuch as the [document was] never approved or signed by the defendants and parol evidence is necessary to establish that the defendants had previously agreed to the terms stated in the [document], there was no compliance with the Statute of Frauds" *(Scheck v Francis, supra,* at 95). Further, there is no basis for the plaintiff's reliance on the defendants' names, which were typewritten under the lines for signatures at the end of the unsigned revised contract submitted by their counsel. As was held in *Singer v Klebanow* (9 Misc 2d 1016, 1017) "[f]or such typewriting to constitute a subscription [to the contract] there must be both the authority to subscribe and the intent to have the typewriting act as such". In this case, the January 6, 1988, cover letter indicates unequivocally that the defendants' attorney had neither the actual nor the apparent authority to execute the contract on behalf of the defendants *(see, Bennett v First Natl. Bank, supra,* at 884; *Tebbutt v Niagara Mohawk Power Corp., supra,* at 268-269). Indeed, that the plaintiff fully understood that the revised contract was never subscribed by the defendants is conclusively established by the letter of the plaintiff's attorney, dated January 14, 1988, returning the contract after it had been signed by the plaintiff, and requesting the defendants' attorney to send back a fully executed contract *(see, Singer v Klebanow, supra,* at 1017; *cf., Scarane v Fraser Mtge. Corp.,* 279 App Div 602). Finally, the brief retention of a check sent by the plaintiff as a down payment, which was returned, does not raise a triable issue as to whether the defendants effectively ratified the alleged contract or are estopped from denying the same *(see, Singer v Klebanow, supra; see also, Scheck v Francis, supra).*

Therefore, we conclude that the plaintiff's conduct in pursuing this appeal, which so obviously lacks merit, must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, the parties are directed to appear at

this court on January 30, 1991, at 12:00 P.M., to be heard whether sanctions and costs should be imposed upon the plaintiff's attorney pursuant to 22 NYCRR 130-1.1 (c), and if so, in what amount. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.