■ MURRAY GOLD, Respondent, v DOMINICK VITUCCI, Appellant, et al., Defendant.—In an action, *inter alia,* for specific performance of an alleged contract for the sale of certain real property, the defendant Dominick Vitucci appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), entered May 10, 1990, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendant is severed.

The alleged contract purportedly setting forth the parties' agreement, provides for the sale of an interest in certain real property. The record reveals that the alleged contract was never signed by the appellant, who is the party to be charged, and the appellant testified that he never intended that writing to constitute a contract, nor did he authorize his attorney to send it. In any event, there is no evidence that the appellant ever executed a written authorization to his attorney to act as his lawful agent in this matter *(see,* General Obligations Law § 5-703 [1]; *Towpash v Towpash,* 119 AD2d 567; *Ochoa v Estate of Sarria,* 97 AD2d 538; *Singer v Klebanow,* 9 Misc 2d 1016). The appellant established as a matter of law that the plain-

tiff's causes of action for specific performance of the alleged contract for the sale of the real property or in the alternative to recover damages for breach of contract are barred by the Statute of Frauds *(see,* General Obligations Law § 5-703 [2]; *Mesibov, Glinert & Levy v Cohen Bros. Mfg. Co.,* 245 NY 305; *Long Is. Pen Corp. v Shatsky Metal Stamping Co.,* 94 AD2d 788; *Charles E. S. McLeod, Inc. v Hamilton Moving & Stor.,* 89 AD2d 863; *Scheck v Francis,* 33 AD2d 91, *affd* 26 NY2d 466; *Scarane v Fraser Mtge. Corp.,* 279 App Div 602).

Furthermore, based on this record, there are insufficient facts to invoke either the equitable doctrine of part performance *(see, Burns v McCormick,* 233 NY 230; *see also, Jonestown Place Corp. v 153 W. 33rd St. Corp.,* 53 NY2d 847) or promissory estoppel *(see, Swerdloff v Mobil Oil Corp.,* 74 AD2d 258; *see also, Greenbaum v Weinstein,* 131 AD2d 430). Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.