■ DEMETRIOS G. PAPAKOSTAS, Appellant, v WILLIAM HARKINS et al., Respondents.—In an action, *inter alia,* for specific performance of an alleged contract for the sale of certain real property, by decision and order dated December 17, 1990, the parties were directed to appear before this court to be heard upon the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 to be imposed against the plaintiff's attorney for his conduct in pursuing a frivolous appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 7, 1988 *(see, Papakostas v Harkins,* 168 AD2d 547).

Upon the proceedings before this court on January 30, 1991, at which the parties were given an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that within 20 days after service upon him of a copy of this decision and order, the plaintiff's attorney is directed to pay costs in the sum of $2,500 to the defendants personally, which sum represents the fee paid by the defendants to their appellate counsel for defending this frivolous appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 7, 1988, which granted the defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

The facts of the underlying specific performance action were set forth in our prior decision and order, which affirmed the order appealed from *(see, Papakostas v Harkins,* 168 AD2d 547, *supra).* We concluded therein that the plaintiff's conduct in pursuing this appeal, "which so obviously lack[ed] merit, must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c)" *(Papakostas v Harkins, supra,* at 548). On January 30, 1991, appellate counsel for the parties appeared before this court and were heard on the record with respect to the question of sanctions and costs. Although given an opportunity to do so, the plaintiff's appellate counsel failed to offer any valid arguments to demonstrate that the plaintiff's action

had a legitimate basis in light of the facts and existing law. His arguments that the counsel who represented the defendants during the parties' unsuccessful contract negotiations acted in bad faith are clearly belied by the correspondence between counsel in the record. Under the circumstances, we find it appropriate to require the plaintiff's appellate counsel to pay costs of $2,500 to the defendants personally, which sum represents the fee paid by them to their appellate counsel for defending this frivolous appeal. Thompson, J. P., Kunzeman, Lawrence and Rosenblatt, JJ., concur.