■ TOWN OF GERMAN FLATS et al., as Owners and Operators of Mohawk Valley General Hospital and Another, Respondents, v AETNA CASUALTY AND SURETY COMPANY et al., Defendants, and ZURICH INSURANCE COMPANY, as Industrial Risk Insurers, Appellant. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Defendant Industrial Risk Insurers (IRI) issued an all risk insurance policy to plaintiffs for the premises of the Mohawk Valley General Hospital (Hospital) located at 295 West Main Street, Ilion, New York. On January 26, 1985 personal property of the Hospital that was stored in the main supply room of the Mohawk Valley Nursing Home, which is attached to the south side of the Hospital Complex, was damaged when a water main burst. Plaintiffs commenced the present action when IRI denied coverage for the loss.

IRI moved for summary judgment and plaintiffs, along with third-party defendant Hospital Corporation of America (HCA), cross-moved for summary judgment. Supreme Court, finding that the language in the policy was ambiguous and construing the ambiguity against the insurer, found that the loss was covered and granted plaintiffs' and HCA's cross motions for summary judgment. We reverse.

Under the heading "SCHEDULE OF LOCATIONS", IRI's policy provided coverage for loss to real and personal property of the Hospital "Situated on the premises of 295 West Main Street, excluding the Mohawk Valley General Nursing Home attached to the south side of the Hospital Complex". Additionally, the policy provided coverage of "personal property of the insured while removed from the described premises for re-

pairs, for servicing, or to avoid threatened damage by flood, for a period of 90 days from the date of removal, for an amount not exceeding its proportion of $100,000, but this provision shall not apply to personal property removed from the described premises for normal storage or for processing nor to property otherwise covered by insurance". It is the responsibility of the courts to enforce the clear and unambiguous provisions of an insurance contract as written *(see, State of New York v Home Indem. Co.,* 66 NY2d 669, 671; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747).

Because the Hospital's loss was of personal property that was normally stored on the premises of the Mohawk Valley Nursing Home, the clear and unambiguous language of the policy excludes coverage *(see, e.g., Breed v Insurance Co.,* 46 NY2d 351, 355). To hold otherwise would disregard the express terms of the policy, accord it a strained and unreasonable construction and, in effect, rewrite the insurance contract *(see, Caporino v Travelers Ins. Co.,* 62 NY2d 234, 239; *Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46, 49, *affd* 66 NY2d 1020).

We further conclude that IRI's motion for summary judgment dismissing plaintiffs' cause of action for reformation should be granted. To sustain a cause of action for reformation, a party must provide clear and convincing proof that the writing was executed under either mutual mistake or a unilateral mistake coupled with fraud *(see, Ogdensburg Bldg. Supply v Lumber Mut. Ins. Co.,* 102 AD2d 960, 961). That proof must overcome the presumption that the written instrument correctly set forth the true intentions of the parties *(see, Leavitt-Berner Tanning Corp. v American Home Assur. Co.,* 129 AD2d 199, 202, *lv denied* 70 NY2d 609).

Here, plaintiffs and HCA failed to provide evidentiary facts sufficient to support either their claim of mutual mistake or of unilateral mistake and fraud to defeat IRI's summary judgment motion. With respect to the claim of mutual mistake, there is no evidence in the record that HCA or the Hospital's insurance broker ever requested IRI to provide coverage for the hospital supplies stored in the Nursing Home, or that IRI agreed to provide such coverage. Further, there is no proof of fraud in the record. IRI's policy unambiguously reflected that the hospital supplies stored in the Nursing Home were not covered, and HCA and the Hospital's broker had the policy for over one year before the loss. HCA and the broker, therefore,

had ample opportunity to raise objection to or correct any error in the coverage, but failed to do so. Further, there is no evidence that oral representations were made by IRI which indicated, contrary to the written language of the policy, that coverage was provided for the supplies. Plaintiffs' and HCA's mere allegation of fraud is insufficient to defeat summary judgment *(see, Designcraft Jewel Indus. v Rampart Brokerage Corp.,* 63 AD2d 926, 927, *affd* 46 NY2d 981). The record establishes, rather, that the gap in coverage resulted from the unilateral mistake or oversight of plaintiffs, or their agents, in separating the insurance coverage of the Hospital and Nursing Home. That unilateral mistake, however, is not a ground for reformation *(see, Ogdensburg Bldg. Supply v Lumber Mut. Ins. Co., supra,* at 961; *Teachers Ins. & Annuity Assn. v Rogers,* 41 AD2d 1020, 1021; *Melhon v Commercial Ins. Co.,* 38 AD2d 929, 930, *affd* 31 NY2d 971; 69 NY Jur 2d, Insurance, § 789). Finally, we find no basis in the record to support plaintiffs' and HCA's contention that summary judgment should be denied based on the equitable doctrines of waiver or estoppel.

Accordingly, IRI's motion for summary judgment dismissing plaintiffs' complaint and third-party defendants' counterclaim is granted. (Appeal from Judgment of Supreme Court, Herkimer County, Bergin, J.—Summary Judgment.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.