■ CHARLES P. DeMARTIN, Appellant-Respondent, v ANTHONY FARINA, Respondent-Appellant. (Action No. 1.) [613 NYS2d 655] —In an action, *inter alia,* to recover damages for breach of contract and for specific performance, Charles P. DeMartin appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.),

dated March 23, 1992, as denied his motion for summary judgment on his first, second, third, and sixth causes of action, and Anthony Farina cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his cross motion which were for summary judgment dismissing the first, second, and third causes of action of the complaint.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law those branches of the cross motion which were for summary judgment dismissing the first, second and third causes of action, are granted, and the first, second, and third causes of action are dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

In the first, second, and third causes of action, Charles P. DeMartin sought to enforce a purported contract for the sale of his interest in certain real property to Anthony Farina. However, pursuant to General Obligations Law § 5-703 (2), any contract for the sale of an interest in real property "is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing". It is clear that the purported contract herein fails to satisfy the Statute of Frauds and is, therefore, unenforceable.

Here, none of the letters relied upon by DeMartin in support of his assertion that there was a contract to sell his interest in the property to Farina was signed by Farina but only by his attorneys, and there was no evidence that they had been authorized in writing to bind him to any contract as his agents (see, Cohrn v Sadler, 147 AD2d 922; see also, Papakostas v Harkins, 168 AD2d 547; Gold v Vitucci, 168 AD2d 607; Lilling v Slauenwhite, 145 AD2d 471). "It is axiomatic that a contract for the sale of real property is void unless it is in writing and signed by the parties to be charged" (Apostle v Kac, 113 AD2d 912).

Moreover, the letters themselves fail to show that there was ever a meeting of the minds with respect to the alleged sale. "The meeting of the minds of parties to a real estate contract must relate to all essentials customarily encountered in such a transaction * * * [m]ere agreement as to price is insufficient" (Lubeck Realty v Flintkote Co., 170 AD2d 800, 803). Here, even conceding that the parties had agreed on a price,

they "had not yet agreed on the terms of payment, which is an essential element of a contract of sale of real property * * * [n]or had they agreed on the status of [DeMartin's] tenants * * * the date on which [DeMartin] would surrender possession of the [building] or a closing date" *(Donner v Septimus,* 137 AD2d 484, 485).

We find, however, that the court did not err in denying summary judgment with respect to DeMartin's sixth cause of action, since there are clearly triable issues of fact as to what the parties' agreement, if any, was with respect to the use of the building or the property, payment of its operating expenses, and sharing of its income. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.