■ JAMES DUNN, Appellant, v B&H ASSOCIATES, Doing Business as PRUDENTIAL LONG ISLAND REALTY, et al., Defendants, and HARVEY KATZENBERG et al., Respondents. [743 NYS2d 546] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated April 27, 2001, as granted those branches of the motion of the defendants Harvey Katzenberg and Pearl Katzenberg which were pursuant to CPLR 3211 (c) and (a) (5) to dismiss the fourth cause of action insofar as asserted against them, and pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff unsuccessfully sought to purchase property from the defendants Harvey Katzenberg and Pearl Katzenberg. The plaintiff was represented by the defendant B&H Associates, doing business as Prudential Long Island Realty (hereinafter B&H), a real estate broker, pursuant to an agreement which provided, inter alia, that "[a] buyer's agent has, without limitation, the following fiduciary duties to the buyer: reasonable care, undivided loyalty, confidentiality, full disclosure, obedience and a duty to account." The plaintiff commenced this action against, among others, the Katzenbergs, alleging breach of contract, promissory estoppel, and tortious interference with contract. The Supreme Court granted those branches of the Katzenbergs' motion which were pursuant to CPLR 3211 (c) and (a) (5) to dismiss the fourth cause of action insofar as asserted against them, and pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action insofar as asserted against them. We affirm.

Although this motion was pre-answer, it was properly treated, where warranted, as one for summary judgment. Both the Katzenbergs and the plaintiff submitted facts and arguments which clearly indicated that they were deliberately charting a summary judgment course (*see Mihlovan v Grozavu,* 72 NY2d 506). Indeed, in the motion papers, the parties repeatedly spoke of both "summary judgment" and "issues of fact."

In support of that branch of their motion which was to dismiss the plaintiff's fourth cause of action alleging breach of contract, the Katzenbergs averred that they were never offered, and never signed, a writing sufficient to satisfy the statute of frauds providing for the sale of the property to the plaintiff (*see G.G.F. Props. v Yu Mi Hong,* 284 AD2d 427; General Obligations Law § 5-703 [1], [2]). In opposition to the motion, the plaintiff did not aver that such a writing existed, but merely speculated that it might. Thus, the Katzenbergs were properly granted summary judgment dismissing the plaintiff's fourth cause of action alleging breach of contract.

Further, although the plaintiff alleged that an oral agreement for the sale of the property existed, an allegation expressly refuted by the Katzenbergs, the plaintiff did not proffer facts that would support a finding that the failure to enforce such an alleged agreement would result in unconscionable injury (*see Greenbaum v Weinstein,* 131 AD2d 430; *see also Gold v Vitucci,* 168 AD2d 607; *Shapiro v Shorenstein,* 157 AD2d 833; *Carvel Corp. v Nicolini,* 144 AD2d 611). Thus, dismissal of the plaintiff's fifth cause of action alleging promissory estoppel was proper.

Finally, in support of his sixth cause of action alleging tortious interference with contract the plaintiff alleged that the Katzenbergs, aware of his representation by B&H, permitted B&H to show another one of its clients the property, resulting in a bidding war that the plaintiff lost. This, the plaintiff alleged, constituted tortious interference with his contract with B&H because it caused B&H to breach the fiduciary duties owed him. However, in support of their motion for summary judgment, the Katzenbergs averred that they did no more than advertise the sale of their property in newspapers and show the property to all comers (over 40 persons viewed the property in the first weekend). That the Katzenbergs were aware that two or more of these potential buyers were represented by B&H, without more, does not support a claim of tortious interference with contract (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413; *NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614). In opposition, the plaintiff did not raise a triable

issue of fact. Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.