■ Ivan Leist, Appellant, v Tobi Tugendhaft et al., Respondents. [882 NYS2d 521]—

In an action, inter alia, for specific performance of a purported contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 16, 2009, as granted the defendants' motion to dismiss the complaint and vacate the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, for specific performance of a purported contract for the sale of real prop-

erty and filed a notice of pendency against the defendants' beachfront property located in Westhampton, New York. The purported contract consisted of a "Memo of Sale," subscribed by no one, sent as an attachment to an e-mail from the defendants' "listing agent" to the plaintiff's attorney. The plaintiff wrote on the memo of sale that he unconditionally accepted the terms set forth therein, signed it, and asserted that this constituted an enforceable contract.

General Obligations Law § 5-703 (2) states that a contract for the sale of real property "is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." Assuming, arguendo, that an e-mail is sufficient to comply with the statute of frauds with respect to contracts for the conveyance of real property (*see* General Obligations Law § 5-703 [2]; *Shattuck v Klotzbach*, 2001 WL 1839720, 2001 Mass Super LEXIS 642 [2001]; *cf., Vista Developers Corp. v VFP Realty LLC*, 17 Misc 3d 914 [2007]), the document in issue here nevertheless is clearly inadequate, since it was not subscribed, even electronically, by the defendants who are the parties to be charged, or by anyone purporting to act in their behalf (*see Williamson v Delsener*, 59 AD3d 291 [2009]; *Stevens v Publicis S.A.*, 50 AD3d 253 [2008]).

The fact that the listing agent was identified as the sender in the e-mail to which the attachment was made does not satisfy the subscription requirement. At best, the e-mail was the equivalent of a cover letter to a proposed contract, the signing of which is insufficient to satisfy the subscription requirement (*see Papakostas v Harkins*, 168 AD2d 547 [1990]).

In any event, an agent may only bind a party to a real estate contract if authorized to do so in writing (*see* General Obligations Law § 5-703 [2]; *Bowling v Pedzik*, 302 AD2d 343 [2003]). The unwritten apparent authority of an agent is insufficient to satisfy the statute of frauds (*see Urgo v Patel*, 297 AD2d 376, 377 [2002]), and in the instant case, there is no evidence that the listing agent even had apparent authority (*see Friedman v New York Tel. Co.*, 256 NY 392 [1931]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Leventhal, Belen and Chambers, JJ., concur.