■ 42ND AVENUE COMMONS, LLC, Appellant, v BARRACUDA, LLC, Respondent. [35 NYS3d 366]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.),

dated March 7, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint and to cancel a notice of pendency filed against the subject real property.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint and to cancel a notice of pendency filed against the subject real property. General Obligations Law § 5-703 (2) specifically provides that "[a] contract . . . for the sale, of any real property . . . is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his [or her] lawful agent thereunto authorized by writing." The defendant proffered sufficient documentary evidence that the defendant, as seller, never executed the contract of sale (*see* General Obligations Law § 5-703 [2]; *Tikvah Realty, LLC v Schwartz*, 43 AD3d 909 [2007]). The plaintiff's evidence, submitted in opposition, that emails were exchanged between the parties' attorneys, which emails purportedly reflected the parties' agreement to the material terms of the proposed contract for the sale of real property, was insufficient to establish that the statute of frauds was satisfied (*see* General Obligations Law § 5-703 [2]). "[A]n agent may only bind a party to a real estate contract if authorized to do so in writing. The unwritten apparent authority of an agent is insufficient to satisfy the statute of frauds" (*Leist v Tugendhaft*, 64 AD3d 687, 688 [2009] [citations omitted]; *see Nesbitt v Penalver*, 40 AD3d 596, 599 [2007]; *DeMartin v Farina*, 205 AD2d 659, 660 [1994]). Here, even if it were found that the defendant's attorney subscribed the subject emails, there was no allegation in the complaint, and there was no evidence, that the defendant's attorney had been authorized in writing to bind the defendant to the contract of sale (*see Leist v Tugendhaft*, 64 AD3d at 688; *Nesbitt v Penalver*, 40 AD3d at 599; *DeMartin v Farina*, 205 AD2d at 660). Further, the emails exchanged by the parties' attorneys established that the parties did not intend to be bound until the signing of a formal contract of sale (*see Piller v Marsam Realty 13th Ave., LLC*, 136 AD3d 773 [2016]). Balkin, J.P., Hall, Barros and Connolly, JJ., concur.