■ DAVID REISNER, Appellant, v RECCO TEMPORARY SERVICES, INC., et al., Respondents.—In an action to recover for work, labor and services under a theory of quantum meruit, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), dated August 21, 1986, as upon granting the defendants' motions at the close of the plaintiff's evidence and at the conclusion of the entire case, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties to this action began negotiations regarding the plaintiff's acquisition of 50% of the defendant companies in exchange for the plaintiff's investment of $75,000 and his offer to guarantee accounts receivable financing for the defendants. Norma Recco, president of the defendant corporations, accepted the plaintiff's offer to work for the defendants for six months while he evaluated the viability of such an investment. After seven months of unpaid employment the plaintiff began to draw a salary. When Recco indicated she was no longer interested in a partnership with the plaintiff, he left the defendants' employ. It is undisputed that no written agreement was ever executed. The plaintiff instituted the current action seeking compensation under a theory of quan-

tum meruit for his services during the seven-month period he worked without compensation as well as for expenses he allegedly incurred on behalf of the business.

Recovery under a quantum meruit theory rests upon a narrow exception to the general rule that a party may not expect compensation for a benefit gratuitously conferred upon another. To succeed under this theory, the claimant must establish (1) that the services claimed were rendered in good faith, (2) an acceptance of these services by the person to whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services *(Umscheid v Simnacher,* 106 AD2d 380).

In the case at bar, the plaintiff cannot claim an expectation of compensation for his services as it was his expressed intention, agreed to by the defendants, that he would work for a six-month period without salary. Although he worked a seventh month for which he was not paid, an inference may be drawn that there was no expectation of payment for the seventh month, as he failed to request payment until Norma Recco stated she would not execute the agreement.

As no writing existed to render the defendants liable to the plaintiff, his only avenue of recovery would lie under a quasi contract. As defined by the Court of Appeals in *Miller v Schloss* (218 NY 400, 407): "A *quasi* or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which *ex cequo et bono* belongs to another. Duty, and not a promise or agreement or intention of the person sought to be charged, defines it. It is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy" *(see also, Bradkin v Leverton,* 26 NY2d 192).

A review of the record indicates that the plaintiff was unable to demonstrate how his services conferred a benefit on the defendants nor did he show that the defendants were unjustly enriched as the result of his labors. Although the plaintiff claimed to have generated new business, his entire offer of proof was limited to a vague statement that he had recruited a number of accounts. He could only identify two by name. One had declared bankruptcy and reneged on its obliga-

tions to the defendants and the plaintiff was unaware of the revenues generated by the other. The plaintiff testified that during preliminary negotiations he offered to invest $75,000 in the companies and guarantee $300,000 in accounts receivable financing; however, he conceded that no money was ever paid to the defendants nor were any written financing documents executed by him.

Although not addressed in his brief, the record reveals that the plaintiff's expenses were never submitted to the defendants and were wholly unsubstantiated except for his bald assertion that he had traveled "about 7,500 miles" soliciting customers. The plaintiff's own witness testified that he performed the accounting services solely to assist the plaintiff to assess the defendants' profitability to aid the plaintiff in making a determination of whether or not he would invest in the businesses. Such personal and unsubstantiated expenses clearly cannot be attributed to the defendants. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.