H. ROTHVOSS & SONS, INC., Respondent, v ESTATE OF S. HOLLIS NEER, Deceased, et al., Appellants.

Third Department, July 7, 1988

### APPEARANCES OF COUNSEL

*Rapport, Meyers, Griffen & Whitbeck (Jason L. Shaw* of counsel), for appellants.

*Robert J. Gagen* for respondent.

## OPINION OF THE COURT

Mercure, J.

Plaintiff seeks specific performance and money damages resulting from the alleged breach of a contract for the sale of real property by S. Hollis Neer, defendants' decedent and predecessor in title, to plaintiff. The complaint alleges the terms of the purported contract, that "[a]s evidence of plaintiff's good faith and intentions to carry out the contract" plaintiff's officer executed and delivered to Neer a check in the amount of $500* dated July 24, 1984, which check was endorsed and deposited by Neer, and that Neer died on October 30, 1985, prior to completion of the contract of sale. Annexed to the complaint is a detailed and unsigned contract for the sale of real property.

Defendants moved to dismiss the complaint on grounds that it failed to state a cause of action and was barred by the Statute of Frauds. In opposition thereto, plaintiff submitted the affidavit of its vice-president, Henry F. Rothvoss, Jr., in which he stated that the terms of the oral contract of sale with Neer were embodied in the unexecuted contract, that the contract was prepared by Neer's attorney, and that, as evidence of his good faith and "to insure that the contract would be carried out", he handed the $500 check to Neer. The check, annexed to the affidavit, contains the purported endorsement of Neer. The memo portion thereof contains the words "land on Rt 22" and "down payment". There is no dispute that the land in question is located on State Route 22 in the Town of Ancram, Columbia County.

Supreme Court denied the motion, finding that the canceled check, endorsed and thereby subscribed by Neer, together with the unexecuted contract, satisfied the Statute of Frauds and the provision that a "contract for * * * the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). Defendants appeal.

We reverse. The action is barred by the Statute of Frauds, and the motion to dismiss should have been granted on that basis. Although the requisite memorandum may be pieced together out of several writings, some signed and others

---

* The complaint actually alleged the check to have been in the amount of $5,000, an error conceded by plaintiff.

unsigned, and parol evidence may be resorted to in aid thereof, it is essential that the separate writings sought to be so employed clearly refer to the same subject matter or transaction *(see, Crabtree v Arden Sales Corp.,* 305 NY 48). Additionally, in such case the signed writing must establish a contractual relationship between the parties *(supra,* at 56; *Grimm v Marine Midland Bank,* 117 AD2d 901, 902-903; *Mulford v Borg-Warner Acceptance Corp.,* 115 AD2d 163, 164). Here, the signed writing, the check, does not establish such a contractual relationship. Moreover, it does not contain even a general description of the land to be conveyed and fails to state the purchase price and other essential terms of sale, such as financing *(see, Generas v Hotel des Artistes,* 117 AD2d 563, 566, *lv denied* 68 NY2d 606; *see also, Villano v G & C Homes,* 46 AD2d 907, *appeal dismissed* 36 NY2d 918, *lv dismissed* 40 NY2d 959).

In *Mulford v Borg-Warner Acceptance Corp. (supra),* this court rejected the contention that an endorsed check could establish the necessary contractual relationship. We conclude that just as the check notation "(new lease)" was insufficient to establish a tenancy involving all the provisions of a proposed unsigned lease, including the term *(supra,* at 164), the words "land on Rt 22" and "down payment" noted on the check herein are insufficient to establish an agreement involving all the terms of a proposed unsigned contract of sale including the purchase price, terms of payment and description of property to be conveyed. Further, although plaintiff is the drawer of the check, the purchasers under the formal written contract of sale are plaintiff and two other individuals, August F. Corsini and Laura M. Corsini, thereby creating uncertainty as to the identity of the parties to the purported contract *(see, supra).* Additionally, the $500 actually paid is not reflected in and bears no relationship to the claimed contract, which provides for a $15,000 down payment upon execution *(see, Sheehan v Culotta,* 99 AD2d 544).

Nor would treatment of the $500 as partial payment of the purchase price remove the contract from the Statute of Frauds. "With respect to land contracts, part payment of the purchase price, or even full payment thereof, is not considered part performance of the contract, standing alone; such payment, to be sufficient, must be accompanied by other acts, such as possession, or possession and improvements" (56 NY Jur, Statute of Frauds, § 281, at 388 [1967]; *see also, Tuttle, Pendelton & Gelston v Dronart Realty Corp.,* 90 AD2d 830,

831). Clearly, the $500 check was nothing more than earnest money to show plaintiff's good intentions and was not intended to evidence a completed contract. Where, as here, the parties contemplate a formal, binding, written contract, which is never executed, there is no mutual assent and no contract *(see, Tebbutt v Niagara Mohawk Power Corp.,* 124 AD2d 266, 268).

KANE, J. P., MIKOLL, LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, with costs, motion granted and complaint dismissed.