■ LAWRENCE M. BENNETT, Appellant, v FIRST NATIONAL BANK OF GLENS FALLS, as Trustee of EARL T. WOODWARD, Deceased, et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 22, 1987 in Warren County, which, *inter alia,* granted defendant First National Bank of Glens Falls' motion to dismiss the complaint against it.

This is an action for specific performance of an alleged contract for the sale of real property. Defendants held title pursuant to the terms of the will of Earl T. Woodward which gave title to defendant First National Bank of Glens Falls (hereinafter the Bank) and defendant Katherine E. Woodward (hereinafter Woodward), each having an undivided one half interest as tenants in common. The Bank's interest is as trustee of a trust created by the will.

Although a formal real property contract between plaintiff and defendants was drafted and sent to plaintiff, it was signed by no one. Plaintiff seeks to establish the validity of the alleged contract by a series of letters, most of which were written by David Krogmann, the attorney for Woodward who

had represented and counseled her over a considerable length of time. Following commencement of this action, the Bank made a preanswer motion on November 19, 1987 to dismiss the complaint due to plaintiff's failure to comply with the Statute of Frauds (General Obligations Law § 5-703 [2]) and for failure to state a cause of action. Woodward also moved for the same relief and for the same reason, but after she had already served her answer. Although the motions were made pursuant to CPLR 3211, the parties agreed that Supreme Court should determine the matter as a summary judgment motion under CPLR 3212 (see, CPLR 3211 [c]).

Before Supreme Court were certain affidavits which included copies of a proposed formal contract and letters from Krogmann to plaintiff and a letter from the Bank to plaintiff. The proposed contract was rejected by plaintiff, who contends that he informed Krogmann that he did not agree with the description of the property as it was contained in the formal agreement. As previously stated, that contract was never signed by any of the parties. The letters from Krogmann to plaintiff did nothing other than to establish a desire on the part of defendants to sell the property and to recognize that there were certain legal difficulties which required some clarification before title could be conveyed. On January 10, 1987, some six months after the proposed contract was rejected, plaintiff delivered a check in the amount of $7,000 as a down payment to Woodward who accepted and endorsed said check. The record is not clear but it is presumed that plaintiff was reimbursed the $7,000 when defendants decided to accept another offer for the property. That check was the only writing signed by plaintiff which we find in the record and that does not set forth the essential elements of the transaction (see, Rothvoss & Sons v Estate of Neer, 139 AD2d 37, 39).

It was plaintiff's contention that Krogmann's statements made in regard to the transaction were binding upon both defendants, making the defense of the Statute of Frauds inapplicable to the motion. He produced no writing which could be construed as authority for Krogmann to execute a written note or memorandum of the agreement on the part of Woodward. As to the Bank, plaintiff refers to a letter written by a senior vice-president of the Bank on October 14, 1987 which notified him that the Bank had decided not to sell the property to him. Included in that letter was the following language: "Mrs. Woodward's attorney has, with our permission, done all the negotiating with prospective buyers. * * * In this case the commitment had to be made by Mrs. Wood-

ward's attorney, who was handling the sale for both parties." Based on this information, Supreme Court granted the Bank's motion to dismiss for failure to state a cause of action and denied plaintiff's cross motion to amend the complaint. This appeal ensued.

The Statute of Frauds requires that: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing" (General Obligations Law § 5-703 [2]). From a reading of the complete record we conclude that there never was a meeting of the minds of all parties as to all material aspects of an agreement of sale. Although the requisite memorandum may be pieced together from several writings and parol evidence may be introduced as support, it is essential that the separate writings clearly refer to the same subject matter or transaction *(Rothvoss & Sons v Estate of Neer, supra; see, Crabtree v Arden Sales Corp.,* 305 NY 48). The signed writing must establish a contractual relationship between the parties *(Crabtree v Arden Sales Corp., supra,* at 56; *Rothvoss & Sons v Estate of Neer, supra,* at 39; *Mulford v Borg-Warner Acceptance Corp.,* 115 AD2d 163, 164). No contract can be created where a material element of the contemplated bargain has been left for future negotiations *(Blakey v McMurray,* 110 AD2d 998; *Sheehan v Culotta,* 99 AD2d 544). Certainly an examination of all the writings permits only one conclusion and that is that at no time were all parties in agreement. Plaintiff signed no note or memorandum committing himself to any terms of sale *(see, Rothvoss & Sons v Estate of Neer, supra,* at 39). We find that there was no written authority granted to Krogmann by either of the defendants to execute any memorandum required by the General Obligations Law. The mere fact that Krogmann was negotiating on behalf of the owners does not establish that he had the authority to execute a contract on their behalf *(see, Tebbutt v Niagara Mohawk Power Corp.,* 124 AD2d 266, 269).

Consequently, the order granting the Bank's motion should be affirmed because of the valid affirmative defense of the Statute of Frauds, but not because the complaint did not state a cause of action as found by Supreme Court. The record does not contain any disposition of Woodward's motion and no explanation of the lack thereof has been presented to this court. For the sake of judicial economy, we take it upon

ourselves to decide the motion, having before us all of the evidence submitted to Supreme Court as well as the argument of counsel.

The main thrust of plaintiff's opposition to Woodward's motion was that Woodward had waived the protection of General Obligations Law § 5-703 (2) by serving an answer which did not allege that affirmative defense. Although such failure under many circumstances would constitute a waiver (see, CPLR 3211 [e]; *Marcoux v Marcoux,* 123 AD2d 844, 845), we conclude that no waiver exists in this case. The action was commenced November 4, 1987 and Woodward's answer was served November 24, 1987. Within the 20-day period following service of the answer, during which time she could have amended her answer without leave of court (CPLR 3025 [a]), Woodward served her notice of motion to dismiss based upon the Statute of Frauds. A motion to dismiss may be made prior to service of an answer (CPLR 3211 [a]). We hold that a motion to dismiss may be made prior to the time in which an amended answer may be served. The fact that Woodward failed to formally amend her answer and chose to move to dismiss instead should make no difference in this case *(cf., Barrett v Kasco Constr. Co.,* 84 AD2d 555, *affd* 56 NY2d 830). To hold otherwise would place form before substance. Plaintiff was fully apprised of the nature of the motion and had every opportunity to contest it. Thus, plaintiff cannot claim any prejudice as a result *(see, Stephan v Shulman,* 130 AD2d 484, 485). Consequently, we also grant Woodward's motion to dismiss the complaint against her for the reasons stated earlier in this decision.

Finally, we turn to plaintiff's argument that Supreme Court abused its discretion by not granting his cross motion to amend his complaint (CPLR 3025 [b]; *see, Fahey v County of Ontario,* 44 NY2d 934). With respect to plaintiff's request to add the subsequent grantee of the disputed property as a necessary party, we note that our determination that there was no contract between the parties renders this question academic. As for plaintiff's last-ditch attempt to gain a firmer foothold in this lawsuit by obtaining an assignment of an alleged prior contract for sale of the same property by the same defendants to another, executed in 1984, we find no abuse of the court's discretion in denying this aspect of the motion *(see, Beuschel v Malm,* 114 AD2d 569). The contract required closing in June 1984. No evidence was submitted to explain the lapse of 3½ years from the required date of performance and the date of assignment. It is also apparent

that the description of the property differed from that of the property concerned in this complaint. An amendment which is devoid of merit should not be permitted *(Goldstein v Barco of Cal.,* 109 AD2d 817).

Order modified, on the law, with costs, by inserting a provision granting the motion of defendant Katherine E. Woodward and dismissing the complaint against her, and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.