■ RALPH DEFEO et al., Appellants, v AMFARMS ASSOCIATES, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Rose, J.), entered July 14, 1989 in Tioga County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

In 1986 defendant listed its farm located in the Town of Candor, Tioga County, for sale with W. D. Seeley Real Estate. On September 5, 1987 defendant received an offer from plaintiffs submitted through the broker. It rejected the offer on September 7, 1987 and submitted a counteroffer in which the sale price was increased and certain conditions which defendant found objectionable were deleted. This counteroffer was made through the broker with instructions that the sale would have to proceed promptly. A month later, on October 5, 1987, plaintiffs submitted another offer with an acceptable price, but again included the objectionable conditions. On October 9, 1987 defendant rejected this offer and, using the same form, countered by deleting and initialing the objection-

able conditions. In this final counteroffer, a new additional term appeared in handwriting: "13. Offer valid to Oct. 17, 1987 at 1700 hours." Peculiarly, the parties claim to be unaware who inserted the clause. This counteroffer was forwarded directly by defendant's attorney (who is a partner in defendant) to plaintiffs' attorney by Federal Express overnight delivery. Thereafter, plaintiffs' attorney contacted defendant's attorney by telephone on October 13, 1987 and another of defendant's partners on October 15, 1987. The parties dispute the contents of these communications. In the meantime, on October 13, 1987, defendant received a purchase offer with a higher price from third parties through a different real estate broker which it accepted on October 16, 1987. On that very same day, plaintiffs accepted the October 9, 1987 counteroffer and sent it to Seeley Real Estate by certified mail, which Seeley received on October 19, 1987. Defendant denied the effectiveness of acceptance. Supreme Court granted summary judgment dismissing the complaint seeking specific performance, holding that since the offer had been transmitted to plaintiffs' attorney by Federal Express, acceptance sent by mail to the listing real estate broker was unauthorized and ineffective to accept the offer. The court found that since plaintiffs failed to timely communicate acceptance before the offer expired, no binding contract was formed and plaintiffs were not entitled to specific performance. This appeal followed.

The reasonableness of the manner in which an offer is accepted must be viewed under the circumstances in which the offer had been made, with speed and reliability being relevant factors (Restatement [Second] of Contracts § 65; see, 1 Williston, Contracts § 83, at 273 [Jaeger 3d ed]). Here, the transmission using Federal Express overnight delivery invited acceptance by similar dispatch (see, Wester v Casein Co., 206 NY 506, 513) and plaintiffs' acceptance by mail, particularly to an agent who had been uninvolved in the negotiations of the moment and who had lost contact with the parties, was not invited especially in view of defendant's expressed concern with time. The receipt of the acceptance by the broker two days after the appointed day was not operative (Restatement [Second] of Contracts § 67).

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.