■ TRAVELCO, INC., Appellant, v CHAIN LOCATIONS OF AMERICA, INC., et al., Respondents, et al., Defendant.—Harvey, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Benson, J.), entered September 5, 1989 in Dutchess County, which, *inter alia,* granted a cross motion by

defendant Chain Locations of America, Inc. for summary judgment dismissing the complaint against it, and (2) from two orders of said court, entered October 13, 1989 in Dutchess County, which, *inter alia,* granted a cross motion by Chain Locations of America, Inc. and defendant Thomas Kornacki for summary judgment on certain of their counterclaims.

This action concerns the enforceability of an alleged oral option to purchase a parcel of real property. Defendant Chain Locations of America, Inc. (hereinafter CLOA) was the owner of 450 acres of land improved by a main house, a gate house and numerous barns and other outbuildings located in the Town of Pine Plains, Dutchess County. In August 1979, CLOA entered into an express written lease agreement with plaintiff's assignor to lease a portion of the northerly part of the property. Significantly, this lease contained a specific option to purchase the leasehold premises and a provision in paragraph 30 of the lease stated that "[a]ll promises made by the Landlord are in this Lease. There are no others. This Lease may be changed only by an agreement in writing signed by and delivered to each party."

Regardless of this language, plaintiff contends that, in conjunction with the lease, a 10-year option to purchase certain unrelated lands located in the southerly part of the estate was also orally promised. Plaintiff ultimately exercised the written option to purchase the leasehold premises and apparently paid monthly rent for using the southerly parcel which is the subject of this dispute. When CLOA later attempted to have plaintiff ousted from the southerly parcel, plaintiff commenced this action seeking a declaration that plaintiff is rightfully in occupancy and possession of the southerly parcel due to the alleged oral agreement and option. Ultimately, Supreme Court granted summary judgment to CLOA and also granted a cross motion for summary judgment by CLOA and defendant Thomas Kornacki on certain of their counterclaims. These appeals by plaintiff followed.

We affirm. It is undisputed that no written option concerning the southerly parcel was ever entered into between the parties. As a matter of law, the written letters and memoranda submitted by plaintiff lack the essential elements to minimally meet the requirements of the Statute of Frauds (such as price, terms, parties, expiration dates or even what particular property was meant to be included in the option) *(see, e.g., Warner & Whitney v Union Camp Corp.,* 166 AD2d 776). Not only do the memoranda fail to set forth the terms of the alleged option, the conclusory allegations in plaintiff's own

complaint and affidavits are unnecessarily mysterious as to the specifics of the alleged agreement. Because the alleged contract cannot be described as "fully made and completed in every respect except for the writing required by the [Statute of Frauds]" (56 NY Jur, Statute of Frauds, § 247, at 351), plaintiff's attempt to evade the dictates of the Statute of Frauds by invoking the doctrine of part performance is wholly deficient.

Orders affirmed, with costs. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.