■ Joseph J. Concilla et al., Respondents, v William B. May et al., Appellants, and Stephen J. Heenan et al., Defendants and Third-Party Plaintiffs-Appellants. Carolyn B. Tranter, Third-Party Defendant-Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 15, 1990 in Saratoga County, which, *inter alia,* denied defendants' motions for summary judgment dismissing the complaint.

Plaintiffs commenced this action seeking either money damages or specific performance of an alleged contract between themselves and defendant William B. May (hereinafter defendant) for the purchase of a parcel of real estate located in the Town of Galway, Saratoga County. Defendant owned an undivided partial interest in the property and plaintiffs apparently owned an adjoining parcel. In June 1987, plaintiffs sent a letter to defendant with a proposed purchase offer for the property but defendant rejected this offer citing probable difficulty in clearing title. Nevertheless, negotiations apparently continued and eventually defendant sent plaintiffs a letter dated May 16, 1988 that the parties variously characterize as either an offer or an invitation to make an offer. Plaintiffs allege that they mailed a letter dated May 31, 1988 to defendant purporting to accept defendant's alleged offer. Defendant denies receiving this letter and, in apparent ignorance of this communication, proceeded to improve title to the property and to have the property appraised. Following the appraisal, defendant sent plaintiffs two letters stating that he could not accept what he implied was plaintiffs' pending "offer" because it was too low, and also that unless he heard from plaintiffs he would list the property with a real estate broker.

Thereafter, defendant apparently conveyed his interest in the property to defendant Patricia A. Gidley by quitclaim deed dated July 25, 1989 and recorded on August 25, 1989. Upon learning of the sale, plaintiffs filed a notice of pendency on August 2, 1989. Nevertheless, the property was conveyed in December 1989 to defendants Stephen J. Heenan and Barbara

K. Heenan. Following plaintiffs' commencement of suit against defendant and the service of defendant's answer, plaintiffs amended their complaint to name as defendants Gidley and the Heenans. The Heenans cross-claimed against Gidley and commenced a third-party suit against Carolyn Tranter, who was Gidley's business partner and had apparently obtained some interest in the property before she and Gidley conveyed it to the Heenans. Ultimately all parties except Tranter moved or cross-moved for summary judgment. Supreme Court eventually granted partial summary judgment in favor of plaintiffs by deciding that (1) a contract for the sale of the property existed between plaintiffs and defendant, and (2) the transfer by defendant to Gidley would not prevent an award of specific performance of the contract. Supreme Court did not grant specific performance, however, due to an allegedly unresolved question about the state of defendant's title at the time of the contract. All other motions were apparently denied. Defendant, Gidley, Tranter and the Heenans now appeal.

In our view, Supreme Court erred in granting summary judgment to plaintiffs in this highly disputed and convoluted lawsuit. Central to deciding the entitlement of any of the parties to the relief sought is a resolution of the question of whether a contract existed between plaintiffs and defendant for the sale of the property. Although Supreme Court found that such a contract existed, the record is virtually devoid of proof that plaintiffs communicated their purported acceptance of the alleged offer contained in defendant's May 16, 1988 letter. Assuming, arguendo, that this letter constituted an offer (a fact contested by defendant), it was undisputably forwarded to plaintiffs by ordinary mail and was silent on the method of acceptance to be used by plaintiffs. Accordingly, acceptance of the purported offer by mail was authorized (see, 21 NY Jur 2d, Contracts, § 57, at 473, 475-476; cf., Defeo v Amfarms Assocs., 161 AD2d 904, 905). When "acceptance by mail is authorized, the contract is completed at the moment the acceptor deposits his letter of acceptance in the post office directed to the offeror's proper address and with the postage prepaid" (21 NY Jur 2d, Contracts, § 57, at 475).

In support of their cross motion for summary judgment, plaintiffs offered an affidavit stating only that the purported acceptance letter was "mailed" to defendant, and they also offered a receipt from a company called "Mail 'N' More" stating little more than that a package addressed to defendant was received by that company from plaintiffs. There is no

indication that the package was actually placed in the postal system or otherwise directed to defendant, who denies having received it. It is well settled that summary judgment is a drastic remedy which should not be granted where triable questions of fact have been shown to exist (see, Passonno v Hall, 125 AD2d 767, 768). Inasmuch as there are clearly questions in this case about whether an offer truly was made and whether the purported acceptance was "mailed" in an acceptable manner, partial summary judgment in plaintiffs' favor was inappropriate.

The remaining arguments of the parties have been examined and have been found to be insufficient to warrant a grant of summary judgment in their favor. Although it is contended that the May 16, 1988 letter, if ultimately found to be an offer, could not constitute a contract because of the Statute of Frauds (see, General Obligations Law § 5-703 [2]), this assertion is not persuasive. Our examination of the letter reveals that because material terms such as identification of the parties, property, consideration and payment terms are discussed (see, Bennett v First Natl. Bank, 146 AD2d 882, 884; Rothvoss & Sons v Estate of Neer, 139 AD2d 37, 39),* it is conceivable that this letter could constitute a contract in the event the requisite elements of offer and acceptance are ultimately found. As for the final argument that plaintiffs should be denied relief due to operation of the doctrine of laches, factual questions pertaining to this issue must too await a trial on the merits.

Mahoney, P. J., Weiss, Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' cross motion for partial summary judgment against defendant William B. May; said cross motion denied; and, as so modified, affirmed.

---

* Significantly, defendant does not dispute that the May 16, 1988 letter was signed by him (see, General Obligations Law § 5-703 [2]).