■ MARVIN BORDEAU, Appellant, v CHARLES OAKLEY et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered November 30, 1990 in Delaware County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

In November 1983, plaintiff and defendant Charles Oakley entered into an alleged agreement for the purchase of land owned by Oakley in the Town of Roxbury, Delaware County. At that time, Oakley signed a piece of paper dated November 26, 1983 that stated, "I Charles Oakley receive two thousand dollars ($2000.00) [deposit] on 50 acres of land. [Balance due] $4,000.00 on warrant[y] deed." Thereafter, on May 7, 1984, Oakley signed another receipt acknowledging two payments "on land" of $171.20 and $500, leaving a balance due of $3,328.80. Subsequent to this second payment plaintiff, who had hunted on Oakley's land for a number of years previously with Oakley's permission, built two tree stands and cut shooting lanes on the property. Plaintiff also received permission to park an old school bus on an adjoining piece of property owned by Oakley for use by plaintiff as a hunting camp.

Thereafter, for reasons not clear from the record, no further progress on the alleged agreement was made. In December 1987, plaintiff commenced an action against Oakley seeking specific performance and money damages. In the interim, however, Oakley had begun negotiations with defendant Sam Nativo regarding the purchase of a 150-acre parcel owned by Oakley, which included within its acreage the 50 acres that plaintiff wished to buy. Oakley apparently informed both plaintiff and Nativo of each other's interest in the property and plaintiff refused an offer by Oakley to refund his down payment. Oakley thereafter entered into a contract with Nativo for the purchase of the 150 acres and the closing was held in May 1988. Plaintiff then discontinued his original action against Oakley and commenced this action against both defendants seeking specific performance and money damages. Following joinder of issue, both defendants moved for summary judgment dismissing the complaint. Supreme Court granted this motion and plaintiff now appeals.

We affirm. In our view, Supreme Court appropriately granted defendants' motion for summary judgment based upon the Statute of Frauds (see, General Obligations Law § 5-703 [2]). Although it is true that the requisite memorandum to satisfy the statute may be pieced together out of several writings, it is imperative that the separate writings together refer to the same subject matter or transaction and unequivocally establish all the essential elements of a contractual relationship between the parties such as price, terms, parties and a description of the subject matter (*Travelco, Inc. v Chain Locations,* 170 AD2d 939, 940, *lv dismissed* 78 NY2d 906; *Rothvoss & Sons v Estate of Neer,* 139 AD2d 37, 38-39).

In this case, the two receipts relied upon by plaintiff to establish a contract are clearly insufficient. To be valid, there must be at least a general description of the land to be conveyed *(see, Rothvoss & Sons v Estate of Neer, supra,* at 39); here, all that is stated is the total acreage without any description of the location of the land involved. Moreover, although both receipts are signed by Oakley, neither writing names plaintiff as the other party to the transaction. Given the absence of many of the essential terms necessary to establish a contract, and the corresponding difficulty in determining whether the parties actually intended to create a valid contract, Supreme Court appropriately concluded that the Statute of Frauds was a bar to plaintiff's action.

We note that plaintiff alternatively suggests that he and Oakley had an oral agreement to purchase the 50 acres and that his actions in making a down payment, constructing tree stands and cutting shooting lanes on the property constituted sufficient part performance to take the alleged oral agreement outside the Statute of Frauds. It is well settled, however, that "[p]art performance of an oral agreement may be deemed adequate for the purpose only if that part performance is 'unequivocally referable' to the alleged oral agreement" *(Binenfeld v Binenfeld,* 146 AD2d 663, 665, quoting *Pollard v Meyer,* 61 AD2d 766, 767). "It is not sufficient * * * that the oral agreement gives significance to [the party's] actions. Rather, the actions alone must be 'unintelligible or at least extraordinary', explainable only with reference to the oral agreement" *(Anostario v Vicinanzo,* 59 NY2d 662, 664, quoting *Burns v McCormick,* 233 NY 230, 232).

Contrary to plaintiff's arguments, his partial payment of the contract price, standing alone, was insufficient to constitute part performance because it would have to " 'be accompanied by other acts, such as possession, or possession and improvements' " *(Rothvoss & Sons v Estate of Neer, supra,* at 39, quoting 56 NY Jur, Statute of Frauds, § 281, at 388 [1967]). Obviously there was no possession of the property by plaintiff. Further, the "improvements" for hunting that plaintiff made to the land (with Oakley's permission) were just as consistent with the hunting Oakley allowed plaintiff to do on the land prior to November 1983 as they were with an oral agreement to purchase. Accordingly, plaintiff's invocation of the doctrine of partial performance must also fail.

We similarly reject as meritless the remaining arguments advanced by plaintiff, including his claim that Supreme Court

abused its discretion in allowing Nativo to amend his answer to assert the defense of the Statute of Frauds (see, CPLR 3025 [b]).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.