■ BRONEY GADMAN, Appellant-Respondent, v BETTY CATALFO, Respondent-Appellant. [674 NYS2d 391] ––In an action, *inter alia*, to impose a constructive trust on certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated April 23, 1997, as granted that branch of the defendant's cross motion which was for summary judgment dismissing his first cause of action and denied that branch of his motion which was to disqualify the defendant's attorney from further representing her, and the defendant cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was for summary judgment dismissing the third cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The court did not err in granting that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's first cause of action to impose a constructive trust. The plaintiff was unable to produce evidence that the defendant gave him any assurances that she would reconvey the subject property to him after he transferred the property to her (*see, Byrd v Brown*, 208 AD2d 582).

However, the defendant was not entitled to summary judgment dismissing the plaintiff's third cause of action sounding in unjust enrichment. The parties agree that the plaintiff rendered services in connection with the construction of the subject property. Contrary to the defendant's claim, it is not clear that the plaintiff's services were voluntarily rendered due to the parties' romantic relationship. Although the record does not reveal that the plaintiff ever submitted a bill for services to the defendant, he did submit to the court copies of checks he issued to various contractors and suppliers in connection with the construction project and allegedly in connection with his services as a general contractor (*cf., Reisner v Recco Temporary Servs.*, 136 AD2d 686).

The court properly declined to disqualify the defendant's attorney on the basis that he had previously represented the plaintiff since the plaintiff expressly consented to the attorney's representation of the defendant. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.