■ Mary Moramarco et al., Respondents, v Santo Ruggiero et al., Appellants. (And a Third-Party Action.) [864 NYS2d 785]— In an action, inter alia, to impose a constructive trust, the defendants appeal from an order of the Surrogate's Court,

Richmond County (Fusco, S.), dated August 31, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action seeking to impose a constructive trust, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In support of that branch of their motion which was for summary judgment dismissing the cause of action seeking to impose a constructive trust, the defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Peebles v Peebles,* 40 AD3d 1388, 1390 [2007]; *Matter of Noble,* 31 AD3d 643, 644-645 [2006]; *Doxey v Glen Cove Community Dev. Agency,* 28 AD3d 511, 512 [2006]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact. In particular, the plaintiffs failed to raise a triable issue as to whether any promises were made, and whether any of the subject transfers were made in reliance thereon (*see Matter of Noble,* 31 AD3d 643, 644-645 [2006]). Accordingly, the Surrogate's Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action seeking to impose a constructive trust on the subject property.

The defendants' remaining contentions are without merit. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.