In the Matter of ELSIE ROKEACH, Deceased. SHEILA BERNIKER SEIDENFELD, Appellant; HELENE ZALTZ, et al., Respondents; GARY ROKEACH et al., Appellants, et al., Respondent. [956 NYS2d 127]—

The decedent, Elsie Rokeach, died on August 9, 2005. In 2009, Sheila Berniker Seidenfeld, a coexecutor of the decedent's estate, petitioned pursuant to SCPA 2103 to recover certain property in which the decedent allegedly had an interest. Among other things, the petition specifically identified the proceeds from a sale of certain real property located in Brooklyn and certain cash and securities.

The petition alleged that the subject real property was sold in violation of a written agreement dated May 1986 (hereinafter the 1986 agreement) which was signed by the decedent, her children, including the petitioner and the respondents Helene Zaltz and Adelle Lawrence, and Israel Zaltz, Helene Zaltz's husband. The petition further alleged that the decedent had deeded her interest in the subject real property and had effectuated the transfers of the subject cash and securities prior to her death, based on an understanding that these assets would, in effect, be held in trust for her so that she could qualify for initial or additional Medicaid benefits. The petition sought, inter alia, the imposition of a constructive trust on the subject real property and the subject cash and securities.

The respondents Adelle Lawrence and Ira Lawrence (hereinafter together the Lawrence respondents) moved, inter alia, for summary judgment dismissing so much of the petition as sought to recover the subject cash and securities insofar as asserted against them. The respondents Helene Zaltz and Israel Zaltz (hereinafter together the Zaltz respondents) separately moved, inter alia, for summary judgment dismissing so much of the petition as sought to recover the subject cash and securities and the proceeds from the sale of the subject real property insofar as asserted against them. The petitioner cross-moved, in effect, together with Gary Rokeach and Michael Rokeach, for leave to file a second amended petition, and separately moved to compel the Zaltz respondents to comply with certain discovery demands.

In an order dated August 26, 2010, the Surrogate's Court, in effect, granted those branches of the separate motions of the Lawrence respondents and the Zaltz respondents which were for summary judgment, and denied the petitioner's cross motion for leave to file a second amended petition. In a second order, also dated August 26, 2010, the court denied, as academic, the petitioner's discovery motion.

The petitioner thereafter moved for leave to renew and reargue her opposition to those branches of the respective motions of the Lawrence respondents and the Zaltz respondents, which had been granted in the first order dated August 26, 2010. The Surrogate's Court also denied this motion.

Pursuant to SCPA 2103, "[a] fiduciary may present to the court which has jurisdiction over the estate a petition showing . . . that any property . . . or the proceeds or value thereof which should be paid or delivered to him is . . . in the possession or control of a person who withholds it from him, whether possession or control was obtained prior to creation of the estate or subsequent thereto" (SCPA 2103 [1] [a]). "Property," as used in this section, is defined to "include any and all personal or real property in which decedent had any interest, including choses in action" (SCPA 2103 [2]).

Here, the moving respondents demonstrated that the cash and securities identified in the petition were validly transferred in 1996 and 1997, by personal checks made out by the decedent and identified as "gifts." The Zaltz respondents also demonstrated that the decedent transferred her remaining interest in the subject real property by deed dated July 6, 2000, and the petitioner concedes, in the petition, that she was aware of this transfer by "early 2002." These submissions were sufficient to demonstrate, prima facie, that the decedent did not possess any interest in either the subject real property or the cash and securities identified in the petition (cf. SCPA 2103 [1] [a]). Moreover, in response to the petitioner's contention that the transfer of the subject real property, which was effected by the decedent, was made in violation of the 1986 agreement, the moving respondents demonstrated that such a claim would be time-barred. The statute of limitations for a proceeding pursuant to SCPA 2103 is governed by the Civil Practice Law and Rules (see SCPA 102). Accordingly, to the extent the petition alleges that the 1986 agreement was breached by the transfer which occurred in 2000, any such cause of action is barred by the six-year statute of limitations applicable to actions alleging breach of contract (see CPLR 213 [2]; Goco v Ramnani, 65 AD3d 664, 665 [2009]; see also Matter of Kraus, 208 AD2d 728, 729 [1994]).

Any attempt to seek the turnover of assets based on quasi-contractual theories relating to this transfer is similarly barred (*see e.g. Chi Kee Pang v Synlyco, Ltd.*, 89 AD3d 976 [2011]). Accordingly, the moving respondents established, prima facie, that they were entitled to judgment as a matter of law, as sought in their respective motions.

In opposition, the petitioner failed to raise a triable issue of fact.

The petitioner further contends that the petition may also be construed as seeking the turnover of assets based on theories of fraud, conversion, and constructive trust. These theories are premised on the statements in the petition which allege that the petitioner "became aware" that the decedent had only transferred her interest in the subject real property and the subject cash and securities based on the understanding that those assets would, in effect, be held in trust for her so that she could qualify for initial or additional Medicaid benefits. This conclusory assertion, which is contradicted by the evidence, is also insufficient to raise a triable issue of fact in response to the moving respondents' prima facie showing of entitlement to judgment as a matter of law (*see Matter of Noble*, 31 AD3d 643, 645 [2006]; *see also Moramarco v Ruggiero*, 55 AD3d 694, 695 [2008]; *Doria v Masucci*, 230 AD2d 764, 765-766 [1996]).

Finally, to the extent that the petitioner cites to various assertions in the petition which relate to alleged promises and representations made by the moving respondents to her personally, they cannot form the bases of causes of action which may be maintained on behalf of the decedent, and are insufficient to raise a triable issue of fact as to whether the moving respondents are in possession of property in which the decedent had an interest (*cf.* SCPA 2103 [1] [a]).

Accordingly, the Surrogate's Court properly, in effect, granted those branches of the separate motions of the Lawrence respondents and the Zaltz respondents which were for summary judgment, and properly denied that branch of the petitioner's motion which was for leave to renew her opposition to those branches of those motions. Moreover, under the circumstances of this case, the Surrogate's Court properly denied the petitioner's cross motion, in effect, joined in by Gary Rokeach and Michael Rokeach, for leave to file a second amended petition. Although leave to amend a pleading is to be freely granted, leave should be denied where, as here, the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Staskowski v Nassau Community Coll.*, 53 AD3d 611, 612 [2008]).

The appellants' remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.