Corriette v Mele (2025 NY Slip Op 06687)

Corriette v Mele

2025 NY Slip Op 06687

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-08461
 (Index No. 604461/19)

[*1]Brian Corriette, etc., et al., appellants, 
v
Anthony Mele, etc., et al., respondents.

Carol Gray and Associates, P.C., Queens, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust upon certain real property, to recover damages for fraud and breach of contract, and for a judgment declaring the respective rights of the parties to the subject property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered October 16, 2020. The order, insofar as appealed from, (1) granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and, in effect, declaring the rights of the parties to the subject property in the defendants' favor, (2) denied the plaintiffs' motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue their prior motion for preliminary injunctive relief, which had been denied in an order of the same court dated July 6, 2020, (3) denied that branch of the plaintiffs' separate motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue that branch of their separate prior motion which was for leave to enter a default judgment against the defendants, which had been denied in an order of the same court dated October 25, 2019, and (4) denied that branch of the plaintiffs' separate motion which was for summary judgment on the complaint.
ORDERED that the appeal from so much of the order entered October 16, 2020, as denied the plaintiffs' motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue their prior motion for preliminary injunctive relief and that branch of the plaintiffs' separate motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue that branch of their separate prior motion which was for leave to enter a default judgment against the defendants is dismissed; and it is further,
ORDERED that the order entered October 16, 2020, is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring the rights of the parties to the subject property in the defendants' favor in accordance herewith.
In May 2017, the subject property was owned by the plaintiff Zoe Holdings, LLC, of which the plaintiff Amber Wala was the sole member, and was occupied by the plaintiff Brian Corriette's cabinet-making business. Also, as of May 2017, the property faced foreclosure due to outstanding mortgage and tax payments and tax liens. In an attempt to save the property from foreclosure, it was transferred to the defendant Kitty Holding Corp. (hereinafter Kitty Holding), an entity wholly owned by the defendant Anthony Mele, Corriette's longtime friend, for $800,000. Kitty Holding financed its purchase of the property with a mortgage loan in the principal sum of [*2]$800,000 from Cormen Enterprises, Inc. (hereinafter Cormen), an entity controlled by the defendant Salvatore D. Mendolia. Nearly all of the funds were used to pay the outstanding debts on the property, with the remaining funds, totaling approximately $37,000, being used to make mortgage payments to Cormen. In exchange for permitting Corriette to continue occupying the property, Corriette was to pay the remainder of the monthly mortgage loan payments in the sum of $10,666, attempt to obtain financing to purchase the property from Kitty Holding, and pay off the mortgage loan to Cormen. However, Corriette failed to do so, which caused Kitty Holding to commence an eviction proceeding against Corriette in the District Court, Nassau County (hereinafter the District Court proceeding). A stipulation of settlement was ultimately executed in the District Court proceeding, which Corriette failed to abide by, thereby resulting in the entry of a judgment of eviction in favor of Kitty Holding and against Corriette.
In April 2019, the plaintiffs commenced this action to impose a constructive trust upon the property, pursuant to RPAPL article 15 to quiet title, for related declaratory relief, for specific performance, to recover damages for fraud, unjust enrichment, conversion, fraudulent misrepresentation, trespass to chattel, intentional infliction of emotional distress, negligent infliction of emotional distress, theft by deception, breach of contract, and tortious interference with contract, and for an award of attorneys' fees. The plaintiffs moved, among other things, for leave to enter a default judgment against the defendants for the defendants' failure to timely answer the complaint and separately moved for preliminary injunctive relief. In an order dated October 25, 2019, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendants. In an order dated July 6, 2020, the court denied the plaintiffs' motion for preliminary injunctive relief.
Following the denial of their motion pursuant to CPLR 3211(a) to dismiss the complaint, the defendants interposed an answer to the complaint and then moved, among other things, for summary judgment dismissing the complaint and, in effect, declaring the rights of the parties to the property in the defendants' favor. The plaintiffs opposed the defendants' motion and purportedly moved for leave to renew, but, in actuality, moved for leave to reargue their prior motion for preliminary injunctive relief. In a separate motion, the plaintiffs, inter alia, purportedly moved for leave to renew, but, in actuality, moved for leave to reargue that branch of their separate prior motion which was for leave to enter a default judgment against the defendants, and also moved for summary judgment on the complaint. In an order entered October 16, 2020, the Supreme Court, among other things, (1) granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and, in effect, declaring the rights of the parties to the property in the defendants' favor, (2) denied the plaintiffs' motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue their prior motion for preliminary injunctive relief, (3) denied that branch of the plaintiffs' separate motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue that branch of their separate prior motion which was for leave to enter a default judgment against the defendants, and (4) denied that branch of the plaintiffs' separate motion which was for summary judgment on the complaint. The plaintiffs appeal.
The appeal from so much of the order as denied the plaintiffs' motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue their prior motion for preliminary injunctive relief and denied that branch of their separate motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue that branch of their separate prior motion which was for leave to enter a default judgment against the defendants must be dismissed, as no appeal lies from an order denying reargument (see Commissioner of the N.Y. State Dept. of Transp. v Polite, 233 AD3d 645; Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d 951, 952).
"The four factors to be considered in ascertaining whether the imposition of a constructive trust is warranted are the existence of a fiduciary or confidential relationship, a promise, a transfer in reliance thereon, and unjust enrichment" (Chavez v Morales, 232 AD3d 757, 760 [internal quotation marks omitted]; see Estate of Uddin v Miah, 229 AD3d 764, 766). In support of that branch of their motion which was for summary judgment dismissing the cause of action to [*3]impose a constructive trust, the defendants made a prima facie showing of entitlement to judgment as a matter of law (see Moramarco v Ruggiero, 55 AD3d 694, 695). In opposition, the plaintiffs failed to raise a triable issue of fact. In particular, the plaintiffs failed to raise a triable issue of fact as to whether there was a fiduciary or confidential relationship between them and any of the defendants and whether there was any unjust enrichment (see 249-251 Brighton Beach Ave., LLC v 249 Brighton Corp., 217 AD3d 809, 813; Moramarco v Ruggiero, 55 AD3d at 695; Gadman v Catalfo, 251 AD2d 370).
"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (Ortiz v Eldert 294, LLC, 223 AD3d 911, 911 [internal quotation marks omitted]; see X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d 732, 733). In support of that branch of their motion which was for summary judgment dismissing the cause of action pursuant to RPAPL article 15 to quiet title to the property, the defendants made a prima facie showing of entitlement to judgment as a matter of law, and in opposition, the plaintiffs failed to raise a triable issue of fact (see Donaldson v Spencer, 39 AD3d 696).
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (Ripa v Petrosyants, 203 AD3d 768, 769-770 [internal quotation marks omitted], quoting Stewart v Berger, 192 AD3d 940, 941). Under the statute of frauds, "[a] contract
. . . for the sale . . . of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his [or her] lawful agent thereunto authorized by writing" (General Obligations Law § 5-703[2] [emphasis added]). "To satisfy the statute of frauds, a writing evidencing a contract must identify the parties, describe the subject matter, be signed by the party to be charged, and state all of the essential terms of an agreement" (O'Hanlon v Renwick, 166 AD3d 890, 891). "To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the seller was able to convey the property, and that there was no adequate remedy at law" (Herman v 818 Woodward, LLC, 218 AD3d 756, 757). A defendant moving for summary judgment dismissing a cause of action seeking specific performance must demonstrate, prima facie, that the plaintiff is "unable to prove one or more of the elements of its cause of action" (Chester Green Estates, LLC v Arlington Chester, LLC, 161 AD3d 1036, 1039). In support of those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract and for specific performance, the defendants made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact. In particular, the plaintiffs failed to raise a triable issue of fact as to whether there was any enforceable written agreement between them and any of the defendants effecting an option to purchase the property by a future date that satisfied the statute of frauds (see General Obligations Law § 5-703[3]; Madison Trust Co. v Starwood I, LLC, 233 AD3d 854; Red Hook Marble, Inc. v Herskowitz & Rosenberg, 15 AD3d 560; Travelco, Inc. v Chain Locations of Am., 170 AD2d 939).
In support of those branches of their motion which were for summary judgment dismissing the remaining causes of action alleged in the complaint, the defendants made a prima facie showing of entitlement to judgment as a matter of law, and in opposition, the plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and, in effect, declaring the rights of the parties to the property in the defendants' favor and denied that branch of the plaintiffs' motion which was for summary judgment on the complaint.
The plaintiffs' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit this matter to the Supreme Court, Nassau County, for the entry of a judgment declaring the rights of the parties to the [*4]property in the defendants' favor in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court